**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSE GARZA,

        Petitioner-Appellant,

v.

STATE OF KANSAS,

        Respondent-Appellee.

No. 11-3283

(D. of Kan.)

(D.C. No. 5:11-CV-03127-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Jose Garza, a Kansas state prisoner, seeks a certificate of appealability

(COA) to enable him to appeal the district court's dismissal of his 28 U.S.C.

§ 2254 petition on the alternative grounds of exhaustion and timeliness. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Garza's filing

liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106,

1110 & n.3 (10th Cir. 1991). Nonetheless, no reasonable jurist could conclude

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we DENY the application for a COA and DISMISS the appeal.

## I. Background

Garza pleaded guilty to robbery and attempted aggravated robbery, receiving a sentence of 32 months in prison. In 2001, he pleaded guilty to six additional counts of rape and one count each of robbery, aggravated robbery, and battery, receiving a sentence of 420 months in prison. Both sentences were to run concurrently. Garza did not directly appeal either sentence.

In 2007, Garza filed a state habeas motion, pursuant to KAN. STAT. ANN. § 60-1507, alleging that he had intended to plead guilty by reason of insanity, but his lawyer would not allow him to do so. The state district court denied his motion, concluding there was no substantial question of law or triable issue of fact and that the files and records conclusively showed he was not entitled to relief. Counsel was appointed for the purpose of allowing an out-of-time appeal to the Kansas Court of Appeals, which subsequently affirmed the state district court's ruling.

Garza filed a federal habeas petition pursuant to 28 U.S.C. § 2254, citing due process violations and cruel and unusual punishment as grounds for relief. The district court found Garza had not exhausted his state court remedies prior to filing his petition, and that the claims were statutorily time-barred. The district

court granted Garza 30 days to show cause why his petition should not be dismissed, providing him an opportunity to show why equitable tolling should apply to his claims. Garza's subsequent filings failed to convince the district court that he should qualify for equitable tolling, so his petition was dismissed on the alternative grounds of exhaustion and timeliness.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). To receive a COA, the applicant must demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Additionally, we review for abuse of discretion a district court's decision that a defendant is not entitled to have the one-year limitations period for filing a § 2254 petition equitably tolled. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Garza does not satisfy this standard.

The statute of limitations for filing a federal habeas petition is set forth in 28 U.S.C. § 2244(d)(1), and provides that:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

As the district court properly found, Garza's convictions "became final" in 2000 and 2001 upon the expiration of his time to file a direct appeal, meaning that his statute of limitations expired no later than December 31, 2002. Additionally, the state habeas motion did not toll the limitation period, *see* 28 U.S.C. § 2244(d)(2), so his motion is untimely.

Since Garza's habeas petition was untimely, we must consider whether he is entitled to equitable tolling of the AEDPA limitation period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As a result, equitable tolling is appropriate only in "rare and exceptional circumstances," *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); a "garden variety claim of excusable neglect" is not enough. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In his petition below, Garza makes passing reference to his medical history and appears to imply that this history was part of the reason for his inability to pursue his claims. As the district court found, "[h]e has failed to even describe any such evidence in sufficient detail. He

-4-

does not name specific medications that he was taking and present evidence that either those medications or his alleged mental condition would have prevented him from timely asserting his claims." R., Vol. I at 92.

We agree with the district court's analysis. Nothing in Garza's filings to this court provides any more specificity regarding his equitable tolling argument and instead loosely focuses on the merits of his underlying claim. Even viewing the arguments in the light most favorable to Garza, there is no excuse for his multiple-year delay in seeking federal relief. "[T]here comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the factfinding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious." *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (internal quotation omitted).

Accordingly, this case does not present one of those "rare and exceptional circumstances" in which the untimely filing of a federal habeas petition should be excused.

## III.  Conclusion

Garza's application for a COA is denied and the appeal is dismissed.


Entered for the Court,


Timothy M. Tymkovich
Circuit Judge